The Honorable Thomas G. Baker State Representative Route 1, Box 80 Alicia, Arkansas 72410
Dear Representative Baker:
This is in response to your request for an opinion regarding Governor Tucker's recent veto of two items contained in House Bill 1209, which is subtitled "An Act For The Department of Education Grants and Aids Appropriation." You note that the items vetoed were "County General Aid" and "State Apportionment Aid." You state that these amounts help support the County Boards of Education and the County Supervisors' offices. Your specific question is as follows:
 In light of Arkansas Code Annotated 6-20-308 (which was further amended by Act 470 of 1993), what is the current legal status of the aforementioned entities?
It is my opinion that the line-item vetoes did not operate to abolish either the County Boards of Education or the County Supervisors' offices. Although there apparently will be no state contribution under these line-items in HB 1209,[1] I cannot conclude that the powers and duties of these offices are thereby nullified. The structure and organization of these offices are, in my opinion, unaffected by the vetoes.
With regard to the office of County Supervisor, it seems clear that the legislature intended for the state to contribute to the expenses of this office. See A.C.A. §§ 6-12-207 (1987) and 6-20-308, as amended by Act 470 of 1993. I cannot conclude, however, from a review of the relevant Code provisions, that the Supervisors' powers and duties are contingent upon the vetoed line-item appropriations. It is significant to note in this regard that the county boards of education have the power and authority to abolish the office of the county school supervisor in their respective counties. A.C.A. § 6-12-209 (1987). Thus, in the event there are insufficient funds to support this office, the county board may elect to abolish it. Otherwise, if the office is not abolished under § 6-12-209, it appears that the powers and duties remain intact.
Similarly, with regard to the County Boards of Education, it must be concluded that the Boards' powers and duties continue notwithstanding the line-item vetoes. Again, as noted above regarding the Office of County Supervisor, the County Boards' powers and duties have not been made contingent upon these state funds. See A.C.A. §§ 6-12-101 et seq. (1987). While the line-item appropriation in HB 1209 for "State Apportionment Aid" may be cited as evidence of legislative intent to provide state funding for the County Boards, it should be noted that the authority to deduct County Board expenditures before apportionment is made to each district was removed with the repeal of Act 1100 of 1979, as amended, by Act 34 of the First Extraordinary Session of 1983. See Acts 1979, No. 1100, § 5 and Acts 1983 (Ex. Sess.), No. 34, § 14. Thus, while the County Boards clearly have the authority to set aside county general school funds necessary for the expenses of the board (A.C.A. §6-12-109(b)(4) (1987)),[2] it appears that there is no longer a separate statutory provision evincing legislative intent for state apportionment funds to defray County Board expenses.
In conclusion, therefore, it is my opinion that the County Supervisors' Offices and the County Boards of Education remain in existence notwithstanding the line-item vetoes. The impact of the vetoes is on funding, and I lack sufficient information to assess the practical ramifications involved. It may be that, as a practical matter, other funds are available for the support of these offices. It was concluded in Attorney General Opinion93-132 (copy enclosed) that these offices can use fund balances on hand to continue operation. It appears that any remaining questions concerning funding will involve a factual determination that is outside the scope of an Attorney General opinion.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh
[1] The Governor's power to veto items in an appropriation bill is set forth in Ark. Const. art. 6, § 17, which states:
 The Governor shall have the power to disapprove any item or items of any bill making appropriation of money, embracing distinct items; and the part or parts of the bill approved shall be the law, and the item or items of appropriations disapproved shall be void, unless repassed according to the rules and limitations prescribed for the passage of other bills over the executive veto.
[2] The county general school fund is composed of ". . . all money received from the Public School Fund of the state, the per capita tax on the inhabitants of the county, such fines, penalties, and other money as shall be accrued to such funds in accordance with the law, and any appropriation from the general revenue of the county for public school purposes." A.C.A. §6-20-215 (1987).